```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                        DISTRICT OF VERMONT
```

STEPHEN MANNING,                    :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :
                                    :
SUE POCHOP, SIMONE BAILEY,          :   Case No. 2:14-cv-149
MORGAN PELLERIN, BLAKE              :
SINGLETON, CHRISTOPHER              :
WETMORE, DAN FINNEGAN, DAVID        :
NESTOR, LACRETIA FLASH, DEANNA      :
GARRETT-OSTERMILLER, KESTER         :
BARROW, EMILY VAYDA, SHAWNA         :
CRUMP, BRANDON KING, and            :
UNIVERSITY OF VERMONT,              :
                                    :
        Defendants.                 :

## Opinion and Order

Plaintiff Stephen Manning applied for leave to proceed *in forma pauperis*, ECF No. 1, which the Court granted on August 5, 2015, ECF No. 3. Mr. Manning, proceeding *pro se*, filed his Complaint on the same day. It contains various allegations that appear to be connected to his expulsion from the University of Vermont. ECF No. 4.

On September 22, 2014 all fourteen Defendants jointly moved to dismiss the Complaint, arguing that pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2) it failed to state a claim upon which relief can be granted and to set forth a short and plain statement of the claim showing that the pleader is

entitled to relief. ECF No. 21. Mr. Manning did not respond to the Defendants' motion. The Court entered an Order to Show Cause requiring Mr. Manning to file his response to the Defendants' Joint Motion to Dismiss on or before December 21, 2014. ECF No. 24. Mr. Manning still has not yet responded.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court "shall dismiss the case at any point" if it determines that the action fails to state a claim upon which relief may be granted. Accordingly, the Court will **grant** the Defendants' Joint Motion to Dismiss and **dismiss** this case for the reasons described below. The Court also **grants** Mr. Manning **leave to file** an Amended Complaint within thirty days.

## Discussion

Filings by self-represented parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). Nevertheless, Rule 8 requires the plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6) a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A court evaluating a motion to dismiss must accept the facts alleged in the complaint as true and draw all reasonable inferences from those facts in favor of the non-moving party. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level" on this assumption that all of the complaint's allegations are true. *Twombly*, 550 U.S. at 545.

Defendants argue that the Complaint asserts only a "single threadbare, conclusory allegation" against each of the fourteen Defendants. ECF No. 21 at 2. They contend therefore that even when taken in the light most favorable to the Plaintiff, the Complaint contains nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and, as such, fails to raise a claim to relief above the speculative level. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 545.

The Court agrees. Mr. Manning's Complaint contains a single sentence about each Defendant. In some instances it is unclear what the Defendant is alleged to have done wrong. *See*, ECF No. 4 ¶ 16 (Defendant merely "authorized charges"); *id.* ¶ 21 (Defendant merely "oversaw the judicial process"); *id.* ¶ 23

3

(Defendant merely "rejected an appeal of the charges"). In other instances the Complaint baldly asserts the conduct was wrongful but does not contain any factual allegations about the elements of a cause of action, let alone an explanation as to *why* the conduct was wrongful. *Id.* ¶ 17 (Defendant "wrongly accused [Plaintiff] of threatening her" but no further explanation); *id.* ¶¶ 18, 20, 24, 27 (Defendants "falsely charged" the Plaintiff but no further explanation other than to list the charges); *id.* ¶ 19 (Defendant "illegally evicted" the Plaintiff but no further explanation); *id.* ¶¶ 21, 28 (Defendants "falsely conducted an unconstitutional search of [Plaintiff's] room without probable cause" but no further explanation); *id.* ¶ 25 (Defendant "falsely conducted a welfare check without probable cause or reasonable suspicion" with no further explanation); *id.* ¶ 26 (Defendant "falsely reported events" but no further explanation).

Even construing the Complaint broadly to allege a due process challenge against the University related to Mr. Manning's apparent expulsion, it contains no allegations that Mr. Manning was not afforded a hearing before an impartial decision-maker. *Holmes v. Poskanzer*, 342 Fed. App'x 651, 653 (2d Cir. 2009) ("A fundamental requirement of due process in the school disciplinary context is that a hearing be held before an impartial decision maker."). Nor does it contain any other

factual allegations about the process Mr. Manning was or was not afforded. In fact, all the Complaint alleges is that the "University of Vermont falsely dismissed [the Plaintiff] without reason." ECF No. 4 ¶ 29. This and all of the other one-sentence accusations are simply insufficient to find that Mr. Manning has stated a claim for relief that is more than speculative or merely possible. Mr. Manning has not given the Defendants fair notice of what his claim is or the grounds upon which it rests. *Twombly*, 550 U.S. at 555. Accordingly the Defendants' Motion to Dismiss is **granted** and the case is **dismissed.**

The Second Circuit has held that district courts should not dismiss the claim of a self-represented party without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also* Fed. R. Civ. P. 15(a)(2) (courts "should freely give leave [to amend] when justice so requires").

Accordingly, Mr. Manning is **granted leave to file** an Amended Complaint within thirty (30) days of the date of this Order. Any amended filing shall be entitled "Amended Complaint" and must allege all claims and name all Defendants that Mr. Manning intends to include, as the Amended Complaint will

supersede the Original Complaint in all respects.  Failure to file an Amended Complaint within thirty (30) days may result in the claims dismissed herein being dismissed with prejudice.

Dated at Burlington, in the District of Vermont this 2nd day of April, 2015.

/s/ William K. Sessions III  
William K. Sessions III  
District Court Judge